## Symons v. Golubic

*Henry Ekker*, for plaintiffs.

*James A. Stranahan, 3rd*, for defendants.

ACKER, J., October 21, 1968.—The issue for determination is whether plaintiffs shall be required to state in their complaint whether the multiple defendants are jointly or severally liable to plaintiffs. Numerous other objections were filed. However, a motion to amend the complaint to comply with all objections has been granted.

This case concerns the alleged construction and maintenance of a dam on or before the spring of 1967, which it is claimed unlawfully blocked a stream, backing water upon the land of plaintiffs and submerging a total area of approximately 60 acres. Plaintiffs claim damages as well as requesting an order directing the defendants to remove the dam, and enjoining the defendants from interfering with the natural flow of water. Finally, the court is asked to retain jurisdiction to be certain that its order has been complied with.

Pennsylvania Rule of Civil Procedure 2229(b) provides:

A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action.[1]

There is no claim in the preliminary objection that the questions involving all of the named defendants are not common questions of law or fact. The only contention is that the complaint fails to allege whether defendants are claimed to be jointly or severally liable to plaintiff. As noted by the drafters of the Pennsylvania Civil Procedural Rules, this rule is modeled after Federal Rule of Civil Procedure 20(a) and in general continues the prior Pennsylvania practice:

However, it introduces two innovations in providing for, (1) the joinder of defendants in the alternative and, (2) the joinder in all classes of actions of persons separately or severally liable to the plaintiff: 12 PS Rule 2229, p. 239.

This concept introduced by the application of rule 2229(b) has been written of and explained in 3 Goodrich-Amram §2229(b)-4, p. 58, 2 Revised Pennsylvania Practice sec. 79, p. 387, and Volume 4 Anderson Pa. Civ. Pract. p. 561.

As noted by Goodrich-Amram, supra, the right to join in the alternative has been held to be applicable to situations involving the joinder of two automobile operators where plaintiff cannot determine the identity of the tort-feasor, suit against four doctors where

---

[1] This rule is held to apply even though there were three separate causes of action if they all arose out of the same transaction and a common question of law and fact was involved: Burke v. North Huntingdon Township, 390 Pa. 588 at 592 (1957).

plaintiff could not determine which one negligently set his shoulder, suit against a trucking company and a warehouseman, an action against an agent and principal and suit against two corporations where it is not known which is the employer of the agent. Further, as noted in 3 Goodrich-Amram, p. 60: ". . . it is not necessary for the plaintiff to be in 'doubt' as to which defendant or defendants are liable to him." This is contrary to the language of the drafters of the rule, which require that plaintiff, " . . . is unable to ascertain which is or unable honestly to allege that all such persons are jointly liable": 12 PS Rules, p. 240.

Defendant cites Marcurio v. Maceiunas, 40 D. & C. 2d 722 (1966), as authority that plaintiff is required when several defendants are joined to set forth the theory of the joinder and state whether they are claimed to be separably liable or jointly liable. There the court cites as authority 2A Anderson Pa. Civ. Pract. 156, where it is stated in addition:

"If the liability is separate, it will be necessary to aver the damages separately. The plaintiff must aver the damages caused by each defendant if they are separately liable. The fact that it may be difficult to determine what damages were caused by each does not excuse the plaintiff from complying with this rule".

To follow the dictates of this statement would appear to destroy the very purpose of alternate pleading. If plaintiff can in fact allege that a defendant is separately or jointly liable and differentiate the damages assigned to each defendant, he has no real use for the application of rule 2229(b). The intent of the rule as declared from the drafters, "is designed to remedy the situation in which the plaintiff knows that one or more of several persons is or are liable to him, but is unable to ascertain which is or unable honestly to allege that all such persons are jointly liable".

The discussion of this very problem is found in Brazel v. McMurray, 3 Mercer 136, 404 Pa. 188 (1961), through Rodgers, P. J., where it was contended by defendant that the right to alternate pleading does not extend to the right to plead damages alternately because the individual defendant has a right to know exactly which of the injuries he will be required to defend. The court answered at page 137:

"If this argument were valid it would also be valid with reference to the question of liability for it could be said that a defendant should have the right to know exactly what degree of liability he must defend against. The fact is that the defendant is put on notice as to the extent of his exposure; that is, he may be liable for all the damages pleaded. The courts, to expedite the administration of justice, have permitted alternate pleadings and as far as we can determine, that right has not been limited to any specific phase of the pleading process. Certainly, at the time of the trial plaintiff must prove precisely what damages were caused by each individual defendant".

However, plaintiffs did not comply with the requirement that:

" . . . each cause is independent and must be stated separately in a separate count. Each must be preceded by a heading stating the parties thereto, claim any special damages which should be pleaded, and conclude with an appropriate demand for relief". 3 Goodrich-Amram §2229(b)-4, p. 64.

The amended complaint should set forth specifically whether plaintiff intends to hold defendants liable jointly, severally, separately, or in the alternative. These allegations may be in the alternative and may be inconsistent with each other: 3 Goodrich-Amram §2229(c), p. 37. Plaintiffs are not required, however, to set forth the specific damages claimed as against each defendant with the exception that if plaintiffs

intend to hold defendants or any of them responsible for each of the demands for relief presently alleged they must set all claims forth under one cause of action against that defendant.

Wherefore, paragraph 5 of defendants' preliminary objections requiring plaintiffs to allege whether defendants are claimed to be jointly or severally liable to plaintiffs for the consequence of their actions is sustained as qualified above.

### ORDER

And now, this October 21, 1968, it is hereby ordered that defendants' preliminary objection no. 5, requiring plaintiffs to allege whether defendants are claimed to be jointly or severally liable to plaintiffs for the consequence of their actions, is sustained as qualified above; i.e., that plaintiffs may allege relief jointly, severally, or separately or in the alternative and shall not be required to set forth the individual damages claimed against each defendant except the maximum relief demanded which may be in the alternative and inconsistent with other claims for relief, but all demands must be alleged in the cause of action pleaded against that defendant in a separate count, preceded by a heading stating the parties thereto and concluding with appropriate demands for relief.